UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE OF ANTLER MORTGAGE TRUST 2019-RTL1, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN OCCUPANTS #1-10, <br><br> Defendants, <br><br> v. <br><br> HARRISON AT HOLMDEL, LLC and ALEXANDER PAVLOVSKY, <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> NINA LUCCIONI, RAHEEM RUTH, LOIS MARCONI, and NICOLE SQUICCIARINI, <br><br> Third-Party Defendants. | Civil Action No. <br><br> 21-13650 (MCA) (LDW) <br><br><br> **REPORT AND RECOMMENDATION** |

<u>**LEDA DUNN WETTRE, United States Magistrate Judge**</u>

      Before the Court is plaintiff Wilmington Savings Fund Society, FSB's Motion to Remand this action to the Superior Court of New Jersey, Chancery Division, Hudson County. (ECF No. 7). Defendants/Third-Party Defendants Nina Luccioni, Raheem Ruth, Lois Marconi, and Nicole Squicciarini join the Motion to Remand. (ECF No. 18). Defendants Harrison at Holmdel, LLC

and Alexander Pavlovsky oppose the motion. (ECF No. 9). The Honorable Madeline Cox Arleo, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions and for the reasons set forth below, the Court recommends that the Motion to Remand be **GRANTED**.

## I. BACKGROUND

This is a foreclosure action originally filed on June 15, 2021 in the Superior Court of New Jersey, Chancery Division, Hudson County. (Complaint, ECF No. 2-4). The complaint alleges that defendant Harrison at Holmdel, LLC executed a promissory note in favor of plaintiff's predecessor in the amount of $1,400,000. (*Id.* ¶ 1). The promissory note lists defendant Pavlovsky as guarantor and was secured by a mortgage on the premises located at 227 Halladay Street in Jersey City, New Jersey. (*Id.* ¶¶ 5, 14). Plaintiff contends that Harrison at Holmdel defaulted on its payment obligations under the note and mortgage, prompting it to seek foreclosure of the Halladay Street property. (*Id.* ¶ 9). Along with Harrison at Holmdel and Pavlovsky, the foreclosure complaint named Unknown Occupants of the Halladay Street property as "party defendants to this action, it being the intention of Plaintiff to designate any and all occupants or tenants having or claiming an interest in the subject premises being foreclosed herein." (*Id.* ¶ 15).

Plaintiff served Pavlovsky personally with the summons and complaint at an address in Holmdel, New Jersey on June 27, 2021, and served Harrison at Holmdel in New Jersey via its registered agent on July 6, 2021. (Gilliam Decl., Ex. C, ECF No. 7-5). On June 23, 2021, plaintiff also effectuated personal service of the summons and complaint on the "Unknown Occupants" of the Halladay Street property sought to be foreclosed, including a tenant who identified herself to the process server as "Nina" and a tenant identified as "Raheem Roof." (*Id.*). Defendants Harrison

at Holmdel and Pavlovsky answered the foreclosure complaint on July 14, 2021. (ECF No. 2-5). The answer includes a number of affirmative defenses, including that plaintiff is in violation of the federal Truth in Lending Act, Fair Debt Collection Practices Act, and Real Estate Settlement Procedures Act. (*Id.*). Defendants also assert various state law counterclaims against plaintiff and a counterclaim alleging violation of the Federal Trade Commission Act. (*Id.* ¶¶ 39-88). Finally, defendants clarified that "the identities of the so-called 'Unknown Occupants #1-10' listed in the caption [of plaintiff's complaint] are Defendants/Third-Party Defendants Nina Luccioni, Raheem Ruth, Nicole Squicciarini, and Lois Marconi" and asserted third-party claims against the now-known occupants alleging that the mortgage default was caused by their purported failure to pay rent. (*Id.* ¶¶ 35-36). Five days later, defendants Harrison at Holmdel and Pavlovsky removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). (Notice of Removal ¶¶ 6, 14, ECF No. 2). Plaintiff now moves to remand, a motion in which Defendants/Third-Party Defendants Luccioni, Ruth, Squicciarini, and Marconi join, arguing that the Court lacks subject matter jurisdiction and removal was procedurally defective.

## II. DISCUSSION

A defendant may remove any civil action filed in state court to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). However, the action will be remanded to state court where the removal was procedurally defective or the district court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in

favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

### A. Subject Matter Jurisdiction

"[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). The district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The Court's review of the four corners of plaintiff's straightforward, state law foreclosure complaint reveals no federal claims giving rise to federal question jurisdiction under § 1331. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Hudson City Sav. Bank, FSB v. Barrow*, Civ. A. No. 16-4190, 2016 WL 7377102, at *2 (D.N.J. Dec. 19, 2016) ("This is an action to foreclose a mortgage—quintessentially a state law case. A cause of action to foreclose a mortgage does not arise under federal law."). Defendants cannot rely on the Federal Trade Commission Act counterclaim or Truth in Lending, Fair Debt Collection Practices Act, and Real Estate Settlement Procedures Act defenses to establish subject matter jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (holding that plaintiff's complaint, and not an affirmative defense or counterclaim in defendant's answer, must establish "arising under" federal jurisdiction); *Bayview Loan Servicing LLC v. Farzan*, Civ. A. No. 17-1796, 2017 WL 5047900, at *2 (D.N.J. Nov. 3, 2017) ("[O]rdinarily, neither defenses nor counterclaims provide the basis for federal question jurisdiction; rather 'federal question jurisdiction must be established squarely within the four corners of the complaint for removal purposes.'" (quoting *Palmer v. Univ. of Med. & Dentistry of N.J.*, 605 F. Supp. 2d 624, 633 (D.N.J. 2009) (alterations omitted))). Accordingly,

the Court does not have federal question jurisdiction under 28 U.S.C. § 1331.

Diversity jurisdiction is less clear. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Plaintiff is a citizen of Delaware. (Notice of Removal ¶ 10). Defendants/Third-Party Defendants Luccioni, Ruth, Squicciarini, and Marconi are citizens of New Jersey. (Answer ¶¶ 4-7; ECF No. 18 at ¶ 1(b)). The Notice of Removal alleges that defendants Harrison at Holmdel and Pavlovsky "are not citizens of the State of New Jersey." (Notice of Removal ¶ 8). However, the relevant inquiry for purposes of establishing diversity jurisdiction is whether either defendant is a citizen of Delaware – on this point the Notice of Removal is silent.

The citizenship of an individual is determined by their domicile. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Domicile is not necessarily the same as residence, as a person can reside in one state but be a citizen of another state. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Instead, "'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann*, 458 F.3d at 286 (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Defendant Pavlovsky does not allege his own citizenship in the Notice of Removal; the opposition to the Motion to Remand baldly states that Pavlovsky is a "resident of the State of Florida and is no longer a citizen of the State of New Jersey." (Opp. Br. at 9, ECF No. 9). In lieu of such allegation, defendant submitted a copy of a lease for an apartment in Miami Beach, Florida for the time period June 1, 2019 through June 1, 2020. (Rakofsky Decl., Ex. B, ECF No. 9-3). Counsel's statement as to Pavlovsky's residence in Florida, as opposed to his domicile, is not determinative of his citizenship. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*,

888 F.3d 29, 35 (3d Cir. 2018). Moreover, the Court cannot conclude from a one-year, expired lease that Pavlovsky's permanent home is in Florida – particularly in light of the fact that Pavlovsky was personally served with the summons and complaint in New Jersey in June 2021. Absent any allegations of citizenship, the Court cannot determine that Pavlovsky is a citizen of a state other than Delaware for diversity purposes.

Similarly, defendant Harrison at Holmdel, LLC has failed to plead its citizenship. The mortgage documents recite that Harrison at Holmdel, LLC is "a New Jersey limited liability company with a principal place of business" in Holmdel, New Jersey. (Gilliam Decl., Ex. A, ECF No.7-3). Defendant acknowledges that "at one point" Harrison at Holmdel may have been organized under the laws of New Jersey, (Opp Br. at 9), but alleges that the LLC is "in the process of organizing and existing under the laws of the State of Wyoming and has its principal place of business at 1740 Dell Range Blvd., Suite H, Cheyenne, Wyoming." (Notice of Removal ¶ 7). As an initial matter, diversity of citizenship "must have existed at the time the complaint was filed and at the time of removal," so defendant's intention of reorganizing in Wyoming in the future is irrelevant to the instant analysis. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Moreover, "the citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks*, 592 F.3d at 418. There is nothing in the Notice of Removal identifying the members of the LLC defendant or their citizenship at any point in time, information that is certainly within its custody and control. Accordingly, defendants Harrison at Holmdel and Pavlovsky have not pleaded or otherwise established diversity jurisdiction and the case should be remanded to state court.

### B. Procedural Defects in Removal

Even if the jurisdictional allegations in the Notice of Removal could be cured, remand

would still be warranted on the basis of procedural defects in defendants' removal. Plaintiff's Motion to Remand argues that removal is barred by the forum defendant rule and the rule of unanimity. While a case may be remanded for lack of subject matter jurisdiction at any point prior to final judgment, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). *See Wells Fargo Bank, N.A. v. Dey-El*, 788 F. App'x 857, 859-60 (3d Cir. 2019) (per curiam) ("The forum-defendant rule is not jurisdictional and is instead a defect in removal that must be raised in a timely motion to remand."); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) ("Failure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c), but is not deemed to be jurisdictional."). As the instant motion was timely filed within 30 days of the Notice of Removal, the Court may properly consider whether removal was procedurally defective.

The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As discussed above, the citizenship of defendants Harrison at Holmdel and Pavlovsky is unclear but may well be New Jersey. However, there is no dispute that the remaining defendants Luccioni, Ruth, Squicciarini, and Marconi are citizens of New Jersey. Although they were initially named in the complaint as "Unknown Occupants" of the mortgaged property, defendants Harrison at Holmdel and Pavlovsky certainly were aware of co-defendants Luccioni, Ruth, Squicciarini, and Marconi prior to removal of this action. Defendants themselves identified the co-defendant occupants by name and asserted claims against them in the July 14, 2021 Answer and Third-Party Complaint filed in state court. Defendants concede that Luccioni,

7

Ruth, Squicciarini, and Marconi are parties in interest who were properly joined and served in this action. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (noting that the "properly joined and served" language of the forum defendant rule was intended to address the practice of fraudulent joinder of a forum defendant to block removal). Indeed, plaintiff effectuated service of the summons and foreclosure complaint on Luccioni, Ruth, Squicciarini, and Marconi by hand at the Halladay Street property on June 23, 2021, three weeks prior to removal. As at least four of the six parties properly joined and served as defendants are citizens of the forum state, Harrison at Holmdel and Pavlovsky's attempted removal of the foreclosure action is barred by the forum defendant rule.

Similarly, the rule of unanimity provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). As defendants Luccioni, Ruth, Squicciarini, and Marconi were properly joined and served with the summons and foreclosure complaint on June 23, 2021, their consent was required to effect removal of this action from state to federal court. There is no mention of defendants Luccioni, Ruth, Squicciarini, and Marconi joining in the Notice of Removal, and they have since appeared in this action to seek remand, making clear that they do not consent. This procedural defect separately mandates remand.

### III.   CONCLUSION

The Court recommends that plaintiff's Motion to Remand (ECF No. 7) be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation

to serve and file specific written objections to the Honorable Madeline Cox Arleo, U.S.D.J.

Dated: October 26, 2021

                                                    *s/ Leda Dunn Wettre*
                                                    Hon. Leda Dunn Wettre
                                                    United States Magistrate Judge

Original:     Clerk of the Court
      cc:       Hon. Madeline Cox Arleo, U.S.D.J.
                  All Parties