<u>**CLOSING**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY FSB,**<br><br>*Plaintiff*,<br><br>v.<br><br>**HARRISON AT HOLMDEL, LLC, et al.,**<br><br>*Defendants.* | Civil Action No. 21-13650<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Plaintiff William Savings Fund Society, FSB's ("Plaintiff") Motion to Remand, ECF No. 7;

and it appearing that Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") issued a Report and Recommendation ("R&R") on October 26, 2021, in which she recommended that the Motion to Remand be granted because the Court lacked subject matter jurisdiction, ECF No. 20; [1]

and it appearing that Defendants Harrison at Holmdel LLC ("Harris at Holmdel") and Alexander Pavlovsky ("Pavlovsky" and together with Harrison at Holmdel, "Defendants") object to the R&R, ECF No. 23;

and it appearing that Judge Wettre properly applied the applicable case law to the facts of the instant case in finding that (1) no federal question jurisdiction exists here, as the foreclosure action is purely a question of state law and federal law counterclaims did not impact this analysis, see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A]

---

[1] Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . ." "A defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper." Lima One Cap., LLC v. Harrison Developers, LLC, No. 21-10994, 2021 WL 6112300, at *5-6 (D.N.J. Dec. 22, 2021) (citing 28 U.S.C. §§ 1441, 1446, 1447). After a case has been removed to federal court, the district court may remand it back to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction"); (2) the court cannot conclude that diversity jurisdiction exists, as the Defendants did not properly plead that they are citizens of a state other than Delaware, where Plaintiff is a citizen, see Taylor v. BMW of N. Am., LLC, No. 20-1994, 2021 WL 1186777, at *15-17 (D.N.J. Mar. 29, 2021) (finding no diversity jurisdiction where citizenship was not adequately alleged);[2] and (3) the removal was procedurally defective under the forum defendant rule and the rule of unanimity,[3] R&R at 4-8;

and it appearing that nothing in the documents submitted by Defendants modifies or calls into question the clear legal basis for remand of this case to New Jersey Superior Court for lack of subject matter jurisdiction;[4]

and for the reasons set forth in Judge Wettre's R&R;

**IT IS** on this 30th day of March, 2022;

---

[2] Defendants maintain that diversity jurisdiction exists because while Plaintiff is a citizen of Delaware, Harrison at Holmdel has demonstrated that it is a citizen of and domiciled in Wyoming, and leases signed by Pavlovsky demonstrate that he is a citizen of and domiciled in Florida. Def. Mem. at 11. However, Pavlovsky's only documentation for his citizenship is an expired lease in the state of Florida and a bald assertion from counsel that Pavkovsky is a resident of Florida. As Judge Wettre aptly noted, this is insufficient for Defendants to bear their burden of showing that subject matter jurisdiction exists. See Reiff v. Convergent Techs., No. 95-3575, 1995 WL 619944, at *8 (D.N.J. Oct. 20, 1995) (collecting cases where courts held that a party's citizenship "may not be established solely by the assertion of counsel"); Lior v. Sit, 913 F. Supp. 868, 876 (D.N.J. 1996) (finding no diversity jurisdiction where the defendants' submissions did not establish the location of their corporate headquarters at the time of removal).

[3] Defendants assert that the rule of unanimity does not apply because the consent of the third party defendants, who are "merely tenants" and were not named by Plaintiff, is immaterial to the removal. Def. Mem. at 11-12. Under the rule of unanimity, all defendants must consent to the removal of a case and "the failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c)." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995); see also Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."). There are three exceptions to the rule: "(1) when the non-joining defendants or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a nonresident defendant has not been served at the time of removal." Ocwen Loan Servicing LLC v. Masino, No. 15-8699, 2016 WL 4468561, at *3 (D.N.J. Aug. 22, 2016) (citations omitted). Defendants' contention that a party's status as a third party defendant exempts the application of the rule of unanimity is unsupported by any law, and Defendants offer no support for how tenants of a property undergoing foreclosure proceedings are only nominal parties. Accordingly, the Court finds that the rule of unanimity was properly found to apply here.

[4] Defendants additionally argue that Plaintiff's complaint must be dismissed because Plaintiff never properly served the Defendants. Def. Mem. at 8-10. Defendants have not previously raised any service issues, and this defense is waived under Fed. R. Civ. P. 12(h). Moreover, because this Court lacks subject matter jurisdiction over this claim, the Court need not determine whether service was proper.

**CLOSING**

      **ORDERED** that Judge Wettre's R&R is **ADOPTED**, Plaintiff's Motion for Remand, ECF No. 7, is **GRANTED**; and it is further

      **ORDERED** that the case is hereby remanded to the Superior Court of New Jersey, Chancery Division, Hudson County, and this matter is now **CLOSED**.

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
